CHERYL C. ROUSE (State Bar No. 118313)
NORMAN P. BAHLERT (State Bar No. 135693)
LAW OFFICES OF ROUSE & BAHLERT
345 Franklin Street
San Francisco, CA 94102
Tel (415) 575-9444
Fax (415) 575-9440

Attorneys for Plaintiff
MARGE E. HEALY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MARGE E. HEALY,<br><br>    Debtors.<br><br>———————————————<br><br>MARGE E. HEALY,<br><br>    Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, JFK UNIVERSITY, AND E.C.S.I.,<br><br>    Defendants | Case No.: 05-34722<br><br>Chapter 7<br><br><br>Adv.Pro.No.<br><br><br>**COMPLAINT TO DETERMINE THE DISCHARGEABLITY OF STUDENT LOAN DEBT UNDER 11 U.S.C. §523 (a)(8), FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION** |

Plaintiff MARGE E. HEALY files this Complaint and alleges as follows:

**I.    JURISDICTION AND VENUE**

1.    Plaintiff, the Debtor herein, filed her Voluntary Petition under Chapter 7 of the United States Bankruptcy Code in the herein-above Court on October 14, 2005.

2.    This court has jurisdiction over this adversary proceeding under the provisions of Title 28 U.S.C. §1334. This adversary proceeding is brought pursuant to 11 U.S.C.

---

Complaint to Determine Dischargeability
of Student Loan Debt                1

§523(a)(8) and Bankruptcy Rule 7001(6). This is a core proceeding pending under 28 U.S.C. §157(b)(2)(I). This adversary proceeding relates to the case of In re Marge E. Healy, Case No. 05-34722, Chapter 7, pending in the United States Bankruptcy Court for the Northern District of California, San Francisco Division.

## II. ALLEGATIONS COMMON TO ALL COUNTS

3. Plaintiff is, and at all times herein mentioned was, an individual residing in Pacifica, California, and is the debtor in the above-referenced bankruptcy case. Plaintiff is 72 years old. Most of her income is derived from Social Security Benefit payments.

4. Plaintiff was a student at JFK UNIVERSITY from 1990 to 1993. During this time period, Plaintiff obtained seven FFEL Stafford Loans and three Federal Supplemental Loans for Students to fund her education. The original balance of the loans was approximately $45,000.00. The balance of these loans as of January 22, 2009 is approximately $137,610.22.

5. From 1990 to 1993, Plaintiff also obtained two Federal Perkins Loans from Defendant JFK UNIVERSITY ("JFK"). The balance of these loans as of January 15, 2009 is approximately $2,742.90. Defendant JFK is a private university located in Pleasant Hill, California, county of Contra Costa.

6. Defendant UNITED STATES DEPARTMENT OF EDUCATION, upon information and belief, holds an interest in the loans described in Paragraph 4 herein. The United States Department of the Treasury Financial Management Service has given Plaintiff written notice of its intent to offset up to 15% of Plaintiff's Social Security Benefit payments commencing March 2009.

7. Defendant EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC"), upon information and belief, is the guaranty agency that insures the loans described in paragraph 4 herein. ECMC has offices in St. Paul, MN and Richmond, VA.

8. Defendant E.C.S.I., upon information and belief, services the loans described in paragraph 5 herein on behalf of JFK. E.C.S.I. may have an interest in the subject loans. E.C.S.I. maintains its usual place of business in Coraopolis, PA.

9. Plaintiff obtained a graduate degree in psychology from JFK in 1993 and worked

Complaint to Determine Dischargeability
of Student Loan Debt          2

for a number of years as a counselor for nonprofit agencies. Plaintiff made a good faith effort to repay her loans and in fact did make payments, but was never able to obtain employment with sufficient income to allow her to pay off the loans. Plaintiff's wages have been garnished and those funds have been applied to the loans. Plaintiff has also had her income tax refunds intercepted and applied to the loans.

10. Plaintiff is currently 72 years old. Plaintiff's source of income is monthly Social Security Benefits and a small pension. Plaintiff resides in HUD subsidized housing which requires her to pay 30% of her gross income for rent. Because of her age and physical impairments, plaintiff is currently unable to make payments on the subject student loans and will not be able to do so in the future.

## FIRST CLAIM FOR RELIEF
## (FOR THE DETERMINATION OF DISCHARGEABLITY
## OF STUDENT LOAN DEBT UNDER 11 U.S.C. §523 (a)(8))

11. Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 10, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth hereinbelow.

12. As is stated above, plaintiff is 72 years old, lives on her Social Security Benefits and resides in HUD subsidized housing.

13. Plaintiff has made a good faith effort to repay to her student loans.

14. Plaintiff cannot maintain, based upon her current income and expenses, a minimal standard of living if forced to repay her loans.

15. Given her age and physical condition, additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans.

16. Therefore, it will impose an undue hardship on the plaintiff if these student loans are not discharged.

/ / /
/ / /

Complaint to Determine Dischargeability
of Student Loan Debt          3

Case: 09-03033    Doc# 1    Filed: 02/23/09    Entered: 02/23/09 13:15:17    Page 3 of 5

WHEREFORE, Plaintiff prays under 11 U.S.C. §523(a)(8) that the debt owed to Defendants be discharged in its entirety or, alternatively, be partially discharged in the event that the court rules that a partial discharge is appropriate under the facts of this case.

## SECOND CLAIM FOR RELIEF
## (FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY
## AND PERMANENT INJUNCTION)

**(Against all defendants)**

17. Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth hereinbelow.

18. From time to time Defendants have garnished plaintiff's wages to collect on the student loan debt.

19. The United States Department of the Treasury Financial Management Service has given Plaintiff written notice of its intent to offset up to 15% of Plaintiff's Social Security Benefit payments commencing March 2009 with respect to the student loan debt owed to the Defendant UNITED STATES DEPARTMENT OF EDUCATION and/or Defendant ECMC.

20. Plaintiff has no adequate remedy at law for the injuries which would be suffered as a result of defendants' collection efforts for the student loans, either by way of garnishment of wages or offset of her Social Security Benefit payments.

21. Plaintiff therefore prays for an order requiring defendants to show cause, if any they may have, why the defendants should not be enjoined from attempting to collect on the respective student loan debts during the pendency of this action.

22. Plaintiff seeks a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining each defendant, and its agents, servants, and employees, and all persons acting under, in concert with, or for said defendants from undertaking any collection activity against plaintiff during the pendency of this action, including but not limited to garnishment of wages, offset of her Social Security Benefit payments or commencement of other collection actions.

WHEREFORE, Plaintiff additionally prays:

1. For any costs of suit that may be available by statute; and
2. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 17, 2009              LAW OFFICES OF ROUSE & BAHLERT

                                              BY:  /s/ Cheryl C. Rouse
                                                      CHERYL C. ROUSE
                                                      Attorneys for Plaintiff
                                                      MARGE E. HEALY